UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61196-CIV-COHN/SELTZER

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

RICHARD A. ALTOMARE,

    Defendant.
_____/

## ORDER VACATING CLERK'S DEFAULT

**THIS CAUSE** is before the Court upon Defendant's Motion to Vacate Default and to Permit the Defendant to File a Response to Complaint [DE 11] ("Motion"). The Court has reviewed the Motion, Plaintiff's Response [DE 12], and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will vacate the Clerk's Default entered against Defendant and allow Defendant additional time to respond to the Complaint.

Plaintiff filed this action against Defendant on May 22, 2014, seeking declaratory and injunctive relief arising from Defendant's alleged participation in securities fraud. DE 1. Plaintiff served Defendant with a copy of the Summons and Complaint on May 28, 2014. DE 5. Defendant's response to the Complaint thus was due on June 18, 2014. See Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not respond by that deadline, and on June 19, 2014, Plaintiff moved for entry of a Clerk's Default. DE 7. The Clerk of Court entered a Clerk's Default against Defendant on June 20, 2014. DE 8. On June 24, 2014, Plaintiff moved for default judgment. DE 9. On June 30, 2014, Defendant filed his

Motion, seeking to vacate the Clerk's Default, and requesting an additional 14 days to respond to the Complaint. DE 11.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The "good cause" standard is a liberal and flexible one. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether a defendant has satisfied the good-cause standard, courts consider a variety of factors, such as: whether the default was culpable or willful; whether setting aside the default would cause prejudice to the opposing party; whether the defaulting party has a meritorious defense; whether the public interest is implicated; whether the defaulting party has suffered significant financial loss; and whether the defaulting party promptly acted to correct the default. Id. A district court's decision to vacate an entry of default is reviewed for abuse of discretion. Thomas v. Bank of Am., N.A., 557 F. App'x 873, 875 (11th Cir. 2014) (per curiam).

In the Motion, Defendant represents that his failure to timely respond to the Complaint was inadvertent. Defendant represents that he was occupied with a simultaneous criminal prosecution and in federal custody when served with the Complaint. DE 11 at 1. Defendant was apparently under the impression that his criminal-defense attorneys would "automatically" respond to the Complaint. Id. When he learned that his attorneys would not respond to this civil action as a matter of course, he "undertook efforts to obtain representation as rapidly as possible." Id. at 2. The result is that Defendant moved to vacate the Clerk's Default against him 10 days after the entry of default, and a mere 12 days after his response to the Complaint was due.

The Court finds that Defendant has shown good cause for vacatur of the Clerk's Default in this case. Plaintiff moved for a Clerk's Default the day after Defendant's response to the Complaint came due. Upon the entry of default, Defendant rapidly moved to vacate the default. Defendant's Motion thus came less than two weeks after he should have responded to the Complaint. Allowing Defendant to defend this case on the merits after such a short delay poses no prejudice to Plaintiff. Defendant's prompt response to the Clerk's Default also belies any dilatory motive. Finally, Defendant's avowed confusion regarding his representation in this action is understandable, given that he is the subject of parallel criminal proceedings, for which he has retained multiple attorneys. The Court thus does not view Defendant's failure to timely respond to the Complaint as willful. Considering these circumstances together, the Court determines that Defendant has satisfied the good-cause standard of Rule 55(c). See Compania Interamericana Export-Import, S.A., 88 F.3d at 951. The Court's conclusion is further buttressed by its preference for resolving each action on the merits. It is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion to Vacate Default and to Permit the Defendant to File a Response to Complaint [DE 11] is **GRANTED**. The Clerk's Default [DE 8] is hereby **VACATED**. Defendant shall respond to the Complaint [DE 1] on or before **September 19, 2014**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment of Permanent Injunction [DE 9] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of September, 2014.

> JAMES I. COHN
> United States District Judge

Copies provided to:
Counsel of record via CM/ECF